UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

BROOKLYN

| | |
|---|---|
| IRFAN ASHRAF, individually and on behalf of all others similarly situated<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, THE CITY OF NEW YORK & MEERA JOSHI<br>　　　　　　　　Defendant. | Civil Action No. 17-cv-05956 KAM-CLP<br><br>DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT |

Defendant Laboratory Corporation of America Holdings ("LabCorp") by and through its attorneys, Kelley Drye & Warren LLP, as and for its Answer to the Complaint ("Complaint") filed by Plaintiff Irfan Ashraf ("Plaintiff"), hereby states as follows:

　　1.　　Admits that LabCorp conducted the referenced drug test but denies that the test was not a sample submitted by Plaintiff and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

　　2.　　Denies the allegation contained in Paragraph 2 of the Complaint on the grounds that it states a legal conclusion

　　3.　　As the allegations contained in Paragraph 3 of the Complaint do not relate to LabCorp, no response is required.

　　4.　　Denies the allegations contained in Paragraph 4 of the Complaint on the grounds that they state legal conclusions.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Admits the allegation contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Admits the allegation contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. As the allegations contained in Paragraph 11 of the Complaint do not relate to LabCorp, no response is required.

12. As the allegations contained in Paragraph 12 of the Complaint do not relate to LabCorp, no response is required.

13. As the allegations contained in Paragraph 13 of the Complaint do not relate to LabCorp, no response is required.

14. As the allegations contained in Paragraph 14 of the Complaint do not relate to LabCorp, no response is required.

15. As the allegations contained in Paragraph 15 of the Complaint do not relate to LabCorp, no response is required.

16. As the allegations contained in Paragraph 16 of the Complaint do not relate to LabCorp, no response is required.

17. As the allegations contained in Paragraph 17 of the Complaint do not relate to LabCorp, no response is required.

18. As the allegations contained in Paragraph 18 of the Complaint do not relate to LabCorp, no response is required.

19. As the allegations contained in Paragraph 19 of the Complaint do not relate to LabCorp, no response is required.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Admits that LabCorp performs drug testing for the City of New York's Taxi and Limousine Commission but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Admits that LabCorp conducted a drug test on a specimen identified as belonging to the Plaintiff on or about the date indicated, but otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Admits that the sample was delivered from LabCorp to Mitotyping Technologies but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Denies that LabCorp tested the incorrect sample and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

**FIRST CLAIM FOR RELIEF -- NEGLIGENCE**

45. Repeats and incorporates its responses to paragraphs 1 through 44 of the Complaint as if fully stated herein.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies that the referenced report is "false" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

## SECOND CLAIM FOR RELIEF – 42 U.S.C. 1983 – DUE PROCESS – SUSPENSIONS WITHOUT HEARINGS

49. Repeats and incorporates its responses to paragraphs 1 through 48 of the Complaint as if fully stated herein.

50. As the allegations contained in Paragraph 50 of the Complaint do not relate to LabCorp, no response is required.

51. As the allegations contained in Paragraph 51 of the Complaint do not relate to LabCorp, no response is required.

52. As the allegations contained in Paragraph 52 of the Complaint do not relate to LabCorp, no response is required.

53. As the allegations contained in Paragraph 53 of the Complaint do not relate to LabCorp, no response is required.

## THIRD CLAIM FOR RELIEF – VIOLATION OF TLC RULES

54. Repeats and incorporates its responses to paragraphs 1 through 53 of the Complaint as if fully stated herein.

55. As the allegations contained in Paragraph 55 of the Complaint do not relate to LabCorp, no response is required.

56. As the allegations contained in Paragraph 56 of the Complaint do not relate to LabCorp, no response is required.

57. As the allegations contained in Paragraph 57 of the Complaint do not relate to LabCorp, no response is required.

58. As the allegations contained in Paragraph 58 of the Complaint do not relate to LabCorp, no response is required.

### FOURTH CLAIM FOR RELIEF – VIOLATION OF THE CITY CHARTER

59. Repeats and incorporates its responses to paragraphs 1 through 58 of the Complaint as if fully stated herein.

60. As the allegations contained in Paragraph 60 of the Complaint do not relate to LabCorp, no response is required.

61. As the allegations contained in Paragraph 61 of the Complaint do not relate to LabCorp, no response is required.

62. As the allegations contained in Paragraph 62 of the Complaint do not relate to LabCorp, no response is required.

### FIFTH CLAIM FOR RELIEF – 42 U.S.C. 1983 – DENIAL OF FAIR WARNING OF THE LAW

63. Repeats and incorporates its responses to paragraphs 1 through 62 of the Complaint as if fully stated herein.

64. As the allegations contained in Paragraph 64 of the Complaint do not relate to LabCorp, no response is required.

65. As the allegations contained in Paragraph 65 of the Complaint do not relate to LabCorp, no response is required.

66. As the allegations contained in Paragraph 66 of the Complaint do not relate to LabCorp, no response is required.

### SIXTH CLAIM FOR RELIEF – NEW YORK STATE CONSTITUTION ART. 1 § 6

67. Repeats and incorporates its responses to paragraphs 1 through 66 of the Complaint as if fully stated herein.

68. As the allegations contained in Paragraph 68 of the Complaint do not relate to LabCorp, no response is required.

69. As the allegations contained in Paragraph 69 of the Complaint do not relate to LabCorp, no response is required.

70. As the allegations contained in Paragraph 70 of the Complaint do not relate to LabCorp, no response is required.

71. Denies that Plaintiff is entitled to any of the relief requested in the Wherefore clause and all of its subparts against LabCorp.

### Affirmative Defenses

LabCorp asserts the following defenses without conceding that LabCorp bears the burden of proof as to any of them. LabCorp reserves the right to assert such additional defenses that may appear and prove applicable during the course of litigation.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because LabCorp's alleged actions or omissions were not the proximate cause of any alleged loss by Plaintiff.

### THIRD DEFENSE

Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional remedies.

### FIFTH DEFENSE

Plaintiff's alleged damages were caused in whole or in part by the culpable acts and/or omissions of others.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, waiver, estoppel, laches, or other equitable defenses.

**SEVENTH DEFENSE**

LabCorp reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of litigation.

**WHEREFORE**, LabCorp respectfully prays that the Court:

1. Dismiss this Complaint with prejudice and enter judgment in favor of LabCorp and against Plaintiff;

2. Award LabCorp its costs incurred in defending this action; and

3. Enter a judgment in favor of LabCorp and against the Plaintiff for such other and further relief as the Court may deem just and proper.

November 8, 2017

By: */s/ Robert I. Steiner*
Kelley Drye & Warren LLP

Robert I. Steiner
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorney for Defendant Laboratory Corporation of America Holdings*