# DANIEL L. ACKMAN

ATTORNEY AT LAW

───────────

222 BROADWAY, 19TH FLOOR ○ NEW YORK, NY 10038
TEL: 917-282-8178
E-MAIL: dan@danackmanlaw.com

September 28, 2018

**BY ECF:**
Hon. Magistrate Judge Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

 Re: Ashraf v. Laboratory Corporation of America Holdings, et al., 17 CV 5956 (KAM) (CLP)

Your Honor:

  I am counsel to the plaintiff in the above-referenced action. I write to ask the Court to order an extension of time for plaintiffs' to respond to a Rule 68 offer made by defendants after plaintiff sought leave to move for class certification. The extension should be until after the resolution of the pending summary judgment motion. This is the first request for an extension of the deadline. Defendants have refused consent.

  As the Court knows, the parties have had some settlement discussions in this matter, including in a settlement conference on September 6. As the Court also knows, the Complaint in this action seeks the certification of a plaintiff class. After plaintiff filed a summary judgment motion and after some failed attempts at settlement, on September plaintiff sought leave to move for class certification. The next day, defendants made a Rule 68 offer of settlement—this offer being only to the named plaintiff and not to the plaintiff class—which was open until September 28. A few days after that, defendants urged that plaintiffs not be allowed to move for class certification on the ground that it was premature in light of settlement talks.

  At the time the Rule 68 offer was made, defendants' opposition to the summary judgment motion was due on September 27. But on September 24, defendants asked for another extension, which was granted until October 12. Thus, defendants have managed to change the briefing schedule so they do not even have to oppose the summary judgment motion until after their Rule 68 deadline.

  Even after making this Rule 68 offer, defendants made another settlement offers not pursuant to Rule 68, albeit while refusing to withdraw or extend the Rule 68 offer. Given that these later offers had arguably more favorable terms, we asked defendants to withdraw their Rule 68 offer. But they refused, leaving two inconsistent offers on the table. Meanwhile, they refuse to discuss settlement with the putative class at all.

   Unlike an ordinary settlement offer, a Rule 68 offer could lead to costs being imposed on plaintiff. How Rule 68 might work if a class is certified is a complicated question. Unless an extension is granted, owing to the several extensions granted defendants, plaintiff will have to respond to the offer without knowing whether defendants have any plausible response to the summary judgment motion. Plaintiff will also be required to respond before they know if a class will be certified. This is unfair.

   Because defendants have received multiple extensions of time to respond to the motion and because they should not be required to respond to a Rule 68 offer without having their summary judgment motion (and their class certification) fully briefed. Of course, defendants could always withdraw the offer at any time. But they should not be permitted to delay litigation time after time, while imposing a settlement deadline on plaintiff. Thus, this Court should grant plaintiffs an extension of time to respond to any Rule 68 offer until the summary judgment motion is resolved.[1]

              Respectfully submitted,

               /s/

               Daniel L. Ackman

cc: Hon. Kiro A. Matsumoto
   All Counsel (by ECF)

---

[1] .